# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:11-CV-18 |
| | ) (Phillips) |
| ATLAS ELECTRIC CO. INC., | ) |
| WATERS OF THE FRENCH BROAD | ) |
| DEVELOPMENT COMPANY, LLC, | ) |
| WILLIAM HARRY SHERROD and | ) |
| PAMELA MILES SHERROD, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Hanover Insurance Company initiated this action against the defendants/indemnitors to enforce Hanover's rights under an indemnity agreement defendants executed as an inducement for Hanover's issuance of surety bonds on behalf of defendant Atlas Electric Co. Inc. Currently before the court is Hanover's motion for summary judgment. For the reasons which follow, the motion will be granted.

### I. Standard for Summary Judgment

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the

moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

Hanover filed its motion for summary judgment on September 10, 2012. Defendants did not respond to the motion, and on October 12, 2012, the court entered a show cause order for defendants to show cause why summary judgment should not be granted in favor of Hanover. Defendants filed a joint response to the show cause order on October 26, 2012. In their response, the defendants stated they do not oppose the grant of Hanover's motion as to Atlas and Waters. With regard to defendants Sherrod, the response stated "it was anticipated that William Harry Sherrod and/or Pamela Miles Sherrod would file bankruptcy which would have stayed the matter." The response further

stated that "due to the likelihood of bankruptcy being filed by either Mr. Sherrod or Mrs. Sherrod or both, the defendants do not intend to oppose the Plaintiff's motion for summary judgment."  However, defendants admitted that "no bankruptcy petition has been filed by any of the defendants," and no suggestion of bankruptcy has been filed in this case to date. Defendants have not requested additional time to respond to the summary judgment motion, nor have they indicated that they intend to put forward a defense to the motion. Pursuant to LR 7.2, defendants' failure to respond to Hanover's motion for summary judgment will be deemed a waiver of any opposition to the relief sought.

Hanover avers it is contractually entitled to indemnification for all losses, costs, expenses, consultants' fees, and attorneys' fees that Hanover has incurred, and continues to incur, (1) by reason of having executed surety bonds on behalf of Atlas, (2) in investigating the numerous claims that were asserted against those bonds, (3) in adjusting, settling, or compromising those claims, and/or (4) enforcing the terms and conditions of the underlying indemnity agreement.

## II.  Background

This action centers upon an indemnity agreement the defendants executed as an inducement for Hanover's issuance of surety bonds on behalf of Atlas.  As a condition of Hanover's issuance of bonds on behalf of Atlas, the defendants executed an Agreement of Indemnity on or about September 7, 2007. With respect to the defendants' general duty to indemnify Hanover, Paragraph 2 of the indemnity agreement provides:

3

> The indemnitors shall exonerate, indemnify, and save harmless [Hanover] from and against every claim, demand, liability, cost, charge, suit, judgment, and expense which [Hanover] may pay or incur, including, but not limited to, loss, interest, court costs, and consultant and attorney fees.
>
> (a) by having executed or procured the execution of the bonds; or
>
> (b) in making an independent investigation of any claim, demand, or suit; or
>
> (c) in defending any suit, action, mediation, arbitration, or any other proceeding to obtain release from liability, whether [Hanover], in its sole discretion, elects to employ its own attorney or permits or requires Indemnitors to defend [Hanover]; or
>
> (d) in enforcing any of the covenants, terms and conditions of this Agreement.

With respect to Hanover's right to settle any claim asserted against any bond that Hanover issued on behalf of Atlas, Paragraph 3 of the indemnity agreement provides, in pertinent part:

> [Hanover] shall have the exclusive right to adjust, settle, or compromise any claim, demand, suit or any other proceeding arising out of any bond against [Hanover] and/or the Indemnitors; take whatever action it deems appropriate in response thereto; and it's determination of whether to defend or settle the same shall be binding and conclusive upon the Indemnitors.

With respect to the scope of the Indemnitors' duty to indemnify Hanover for sums expended in the resolution of claims, Paragraph 3 of the indemnity agreement further provides:

> In the event of any payment or disbursement by [Hanover], the Indemnitors agree to immediately reimburse [Hanover] for any and all payments and disbursements made (including, but not limited to, interest from the date of [Hanover]'s payments at the maximum rate allowable) under [Hanover]'s belief that liability

4

>for the payments existed or that payment was necessary or expedient, whether or not such liability, necessity or expediency existed.

Paragraph 3 further clarifies that "[v]ouchers or other evidence of payment by [Hanover] shall be conclusive evidence of the fact and amount of such liability, necessity, or expediency and of the Indemnitors liability to [Hanover] thereto."

Hanover issued a number of surety bonds on behalf of Atlas. Atlas' subcontractors and/or suppliers subsequently asserted a number of claims against Hanover under the bonds. Pursuant to its rights under Paragraph 3 of the indemnity agreement, Hanover adjusted, settled, and/or compromised each of the bond claims. In support of its motion for summary judgment, Hanover has submitted the affidavit of William E. Sanford, Bonds Claim Counsel for Hanover Insurance Company. Hanover has to date paid costs and expenses including, but not limited to, interest, court costs, consultants' fees, and attorneys' fees, in the amount of $901,329,79 while adjusting, settling, and/or compromising the bond claims. Hanover has submitted a breakdown of its costs and expenses as follows:

| | |
|---|---:|
| Kendal Electric, Inc. | $ 6,392.39 |
| Tele Optics, Inc. | 106,291.91 |
| Consolidated Elec. Dist. Inc. | 133,059.83 |
| Mayer Electric Supply Co. Inc. | 110,308.04 |
| Stokes Electric Co. | 49,609.21 |
| Elmores Custom Engraving | 544.06 |
| Simplex Grinnell | 91,077.27 |
| Keener Lighting Corp. | 347,141.81 |
| Storm Shield Lighting Rods | 7,296.00 |
| United Equip. Rental Gulf, LP | 3,674.17 |
| Exterior Materials, Inc. | 1,753.94 |
| Funderburk Electric | 621.92 |
| Stokes Electric (2) | 1,665.02 |

| | |
|---|---:|
| Nihill & Riedley (accountant) | 352.00 |
| Nicholson Prof. Consulting (const. consultant) | 10,237.41 |
| Manier & Herod (attorneys) | 30,093.56 |
| Travel Expense | 1,211.25 |
| Total: | $901,329.79 |

Sanford's affidavit states that Hanover has only recouped $403,621.00 relative to the bonds, which leaves Hanover with a net loss paid to date of $497,708.79.

By letter dated June 7, 2010, Hanover demanded that the defendants indemnify Hanover for the net losses that Hanover paid in relation to the bond claims. However, despite Hanover's demand, the defendants have failed to indemnify Hanover as provided in the indemnity agreement.

### III. Law and Analysis

Indemnity agreements are subject to the same general rules of interpretation and enforcement as other contracts governed by Tennessee law. This court has previously recognized that:

> In Tennessee, there is no case law to suggest indemnity agreements would be read any differently than regular contracts. Thus, unless the context otherwise requires, indemnity agreements should be applied according to their terms. While the terms of a contract are generally a question of fact, interpretation of the contract is a question of law.

*Lyndon Prop. Ins. Co. v. Houston Barnes, Inc.,* 2005 WL 1840254, *4 (E.D.Tenn. July 26, 2005). Applying Tennessee law, federal courts have enforced indemnity provisions granting the surety the right to settle claims, provisions waiving indemnitors' right to receive notice of claims and/or the resolution of claims, and provisions rendering vouchers or other

evidence of payment to be conclusive as to the propriety of payments made by the surety. *See, e.g., Transamerica Ins. Co. v. Bloomfield*, 401 F.2d 357, 362-63 (6th Cir. 1968) (enforcing provisions granting the surety the right to settle bond claims and making the surety's payment voucher *prima facie* evidence of the indemnitors' liability); *Hartford Fire Ins. Co. v. CMC Const. Co.,* 2010 WL 3338581 (E.D.Tenn. Aug. 24, 2010) (enforcing provisions under which indemnitors waived notice of any act, fact or information concerning or affecting the rights or liabilities of the surety or any indemnitor); *Developers Sur. & Indem. Co. v. Martin,* 2006 WL 1984425 (E.D.Tenn. July 14, 2006) (enforcing provisions granting the surety the right to settle bond claims under Tennessee law); *Safeco Ins. Co. of Am. v. Cirtterton Inv. Corp.,* 732 F.Supp. 834 (E.D.Tenn. Sept. 27, 1989) (enforcing provision under which surety's payment voucher was "final and conclusive" gauge of indemnitors' liability to surety).

The indemnity agreement obligates the defendants to indemnify Hanover against loss and against liability. Specifically, Paragraph 2 of the indemnity agreement provides, "The Indemnitors shall exonerate, indemnify, and save harmless [Hanover] from and against every claim, demand, liability, cost, charge, suit, judgment, and expense which [Hanover] may pay or incur . . . ." The Tennessee Court of Appeals has explained that "an agreement to "hold harmless" is a contract of indemnity which requires the indemnitor to prevent loss to the indemnitee or to reimburse the indemnitee for all losses suffered from the designated peril." *Pinney v. Tarpley*, 686 S.W.2d 574, 579 (Tenn.Ct.App. 1984). The defendants, as indemnitors, are contractually obligated to reimburse Hanover for any losses, liabilities, damages, and expenses it has incurred because of furnishing the bonds.

The defendants are jointly and severally obligated under Paragraph 2 of the indemnity Agreement to exonerate, indemnify, and save Hanover harmless with respect to all losses, interest, court costs, consultants' fees, and attorneys' fees that Hanover has incurred. Under Paragraph 3 of the indemnity agreement, the defendants are also expressly liable to Hanover for all payments it made under the bonds, plus interest thereon at the maximum rate permitted by law, from the date such payments were made "under [Hanover]'s belief that liability for the payments existed or that payment was necessary or expedient, whether or not such liability, necessity or expediency existed."

Paragraph 3 of the indemnity agreement also expressly states that "[v]ouchers or other evidence of payment by [Hanover] shall be conclusive evidence of the fact and amount of each such liability, necessity, or expediency and of the Indemnitors' liability to [Hanover] therefor." The defendants have not challenged the reasonableness or necessity of any payment made by Hanover in relation to the bonds. Therefore, the court finds that Hanover is entitled to judgment in its favor as a matter of law against the defendants, jointly and severally, in the amount of $497,708.79.

## IV. Conclusion

Plaintiff Hanover Insurance Company's motion for summary judgment [Doc. 12] is **GRANTED**, whereby Hanover is **granted judgment** against defendants, jointly and severally, in the amount of $497,708.79.

The trial scheduled for May 29, 2013 is **CANCELLED**.

                        **ENTER:**

                                      <u>    s/ Thomas W. Phillips    </u>
                                          United States District Judge